

BC

RECEIVED
MEN
10/21/2024
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Nina Kazazian, | ) |
| Pinedale, Sublette County, WY, | ) |
|     Plaintiff | ) |
| | ) **Case Number**: |
| v. | ) **Judge:** |
| | ) **Magistrate Judge:** |
| CNA Financial Corporation | ) |
| 151 North Franklin Street, | ) **JURY DEMAND** |
| Chicago, Cook County, IL 60606 | |

**1:24-cv-10843
Judge Georgia N. Alexakis
Magistrate Judge Beth W. Jantz
RANDOM / CAT.2**

Wilson Elser LLP,
150 East 42nd Street,
New York, NY 10017,

Jason Melichar,
23526 Currant Dr,
Golden, Jefferson County, CO 80401,

Dr. Laura Reiffel,
7701 Brockway Dr,
Boulder, Boulder County, CO 80303,  .
    Defendants

---

### COMPLAINT FOR DAMAGES, BREACH OF CONTRACT, LEGAL MALPRACTICE, AND OTHER RELIEF, WITH JURY DEMAND

---

### I.   INTRODUCTION

The Plaintiff, Nina Kazazian, a dedicated attorney with over three decades of service, was

stripped of her professional license because of the egregious mishandling and outright disregard

Complaint

of her rights by her insurance carrier, CNA Financial Corporation, and her legal representatives, Wilson Elser LLP and Jason Melichar. Entrusted with safeguarding her career, these entities not only failed to act in her best interest but actively undermined her defense through a series of unapproved, direct payments and incompetent legal strategies. Despite repeated warnings and clear policy guidelines, CNA and Wilson Elser chose a path that devastatingly depleted Plaintiff's policy benefits and left her without the necessary resources to defend her professional integrity. This pattern of negligence and bad faith showcases a disturbing disregard for contractual and fiduciary duties, directly leading to the unwarranted disbarment of a once-respected legal professional. Nina Kazazian's plight is a stark reminder of the consequences when those tasked with protection instead become the perpetrators of injustice.

## II. JURISDICTION

1)      Subject Matter Jurisdiction: This Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C. § 1332, because the amount in controversy exceeds $75,000; and there is complete diversity of citizenship between the Plaintiff and the Defendants.

2)      Venue is proper in this court because each of the Defendants reside in, conduct business in, or committed acts within the Northern District of Illinois that give rise to the claims asserted herein.

## III. PARTIES

3)      <u>Plaintiff</u>:
  Nina Kazazian
  Residence: Pinedale, Sublette County, Wyoming
  State of Domicile: Wyoming

Complaint

4)    Defendants:
  a. CNA Financial Corporation
     Principal Place of Business: 151 North Franklin Street, Chicago, Cook County, IL 60606
     Corporate Citizenship: Illinois

  b. Wilson Elser LLP
     Principal Place of Business: 150 East 42nd Street, New York, NY 10017
     Corporate Citizenship: New York

  c. Jason Melichar
     Residence: 23526 Currant Dr, Golden, Jefferson County, CO 80401
     State of Domicile: Colorado

  d. Dr. Laura Reiffel
     Residence: 7701 Brockway Dr, Boulder, Boulder County, CO 80303
     State of Domicile: Colorado

## IV. GENERAL ALLEGATIONS

5)    Plaintiff Nina Kazazian is a citizen of Wyoming and was an attorney in Colorado from 1992 to 2023.

6)    Defendant CNA Financial Corporation is the insurance carrier for Plaintiff's professional liability coverage at all relevant times and is a citizen of Illinois with its headquarters located at 151 North Franklin Street, Chicago, IL 60606.

7)    Defendant Wilson Elser LLP is a citizen of New York, being a New York Limited Liability Partnership with headquarters at 150 East 42nd Street, New York, NY 10017. CNA hired Wilson Elser in July 2022 to defend Plaintiff in connection with certain disability and disciplinary actions filed against her by the Office of Attorney Regulation Counsel (OARC) of the Colorado State Supreme Court.

Complaint

8)     Defendant Dr. Laura M. Reiffel, PhD is a citizen of Colorado, residing at 7701 Brockway Dr., Boulder, CO 80303.

9)     Defendant Jason D. Melichar , Esq. is a citizen of Colorado, residing at 23526 Currant Dr, Golden, CO 80401, and was the attorney assigned by Wilson Elser to represent Plaintiff in the disciplinary actions filed against her by the OARC.

10)     Relevant to the allegations in this Complaint, Plaintiff was covered under professional liability insurance policies issued by CNA over two policy years, 2020 to 2021 and 2021 to 2022.  The policies included specific provisions for the handling of disciplinary proceedings and supplementary payments.

11)     Three disciplinary claims were filed under these policies, with insurance benefits totaling $150,000 approved for costs and fees.

12)     In September 2020, the first disciplinary grievance was initiated by opposing counsel on a matter in which Plaintiff was an unrepresented party.  The Colorado Office of Attorney Regulation Counsel ("OARC") filed an amended complaint in July 2021.  The hearing in this matter was held in January 2023.

13)     A second grievance by Michael Bohn was filed in 2021, approved for filing but ultimately dismissed.

14)     In May 2022, OARC filed a contested Petition to transfer Plaintiff to disability inactive status, which was granted on December 12, 2022.

15)     A separate disability case was opened when Defendant Melichar claimed Plaintiff was not able to aid in her defense in the disciplinary matter, which led to an immediate transfer to disability inactive status effective September 29, 2022.

Complaint

16) CNA failed to follow the terms of the supplemental payments provision outlined in the policy, specifically regarding direct payments to attorneys and experts without Plaintiff's approval and proper invoicing, contrary to policy terms.

17) Payments to legal counsel and experts were mishandled, causing significant damage to Plaintiff and interfering with her legal representation, which directly contributed to her disbarment.

18) Defendants Wilson Elser and Jason Melichar failed to meet critical deadlines, inadequately prepared for hearings, and did not adequately defend Plaintiff in the disciplinary proceedings, leading to the preclusion of important evidence.

19) The actions and omissions of Defendants resulted in the depletion of policy benefits, leaving Plaintiff without sufficient funds to secure legal representation for post-hearing and appeals, directly impacting the outcome of her case.

20) No other Colorado disciplinary case with similar facts resulted in the same or similar imposition of discipline under the same presiding disciplinary judge, indicating a deviation from standard legal procedures and expectations.

## V. COUNT ONE - BREACH OF CONTRACT AGAINST CNA FINANCIAL COMPANY

21) Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

22) Plaintiff and Defendant CNA Financial Company ("CNA") entered into a professional liability insurance policy effective from June 1, 2019, to June 1, 2022, wherein CNA agreed to provide coverage for certain losses and expenses incurred by Plaintiff related to disciplinary proceedings arising out of her legal practice.

Complaint

23) The insurance policy specifically provided under Section II.E.2 on Page 2 that CNA would reimburse the Named Insured up to $50,000 for attorney fees and other reasonable costs, expenses, or fees paid to third parties resulting from any one Disciplinary Proceeding incurred as the result of a notice of such Disciplinary Proceeding both first received by the Insured and reported in writing to the Company either during the policy period or within 60 days after the termination of the policy period.

24) Furthermore, the policy stipulated that in the event of a determination of No Liability of the Insured against whom the Disciplinary Proceeding has been brought, CNA shall reimburse such Insured for Disciplinary Fees, including those in excess of the $50,000 cap set forth above, up to $100,000.

25) Contrary to the terms of the policy, CNA made payments directly to Wilson Elser LLP and Dr. Reiffel without Plaintiff's approval and without providing Plaintiff with invoices or a fee agreement, thereby failing to allow Plaintiff the opportunity to review or contest these expenses as required by the policy terms.

26) CNA's direct payments to Wilson Elser LLP and Dr. Reiffel were made despite Plaintiff's explicit objections and without her consent, which was required under the policy for any payments made to third parties.

27) The unauthorized payments made by CNA to Wilson Elser LLP and Dr. Reiffel depleted the policy benefits available under Plaintiff's professional liability insurance policy, directly causing Plaintiff to lack sufficient funds to secure adequate legal representation for the continuation of her disciplinary proceedings and appeals.

28) As a direct and proximate result of CNA's breach of the insurance policy terms, Plaintiff suffered significant financial harm, including but not limited to the inability to

Complaint

adequately defend herself in disciplinary proceedings, which ultimately contributed to her disbarment.

29)     Plaintiff has performed all conditions, covenants, and promises required on her part to be performed in accordance with the terms and conditions of the insurance policy.

30)     By failing to comply with the policy terms regarding payment and reimbursement procedures, and by depleting the insurance benefits through unauthorized payments, CNA breached its contract with Plaintiff.

31)     As a result of CNA's breach of contract, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $100,000, representing the financial losses incurred due to the lack of available funds to defend against disciplinary actions effectively and the subsequent impact on her legal career.

32)     WHEREFORE, Plaintiff demands judgment against Defendant CNA Financial Company for compensatory damages, consequential damages, costs, interest, and such other relief as the Court deems just and proper.

## VI. COUNT TWO - LEGAL MALPRACTICE AGAINST WILSON ELSER LLP AND JASON MELICHAR

33)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

34)     Defendant Wilson Elser LLP is a law firm organized as a New York Limited Liability Partnership with an office in Chicago, IL, and does business within this jurisdiction.

35)     Defendant Jason Melichar is an attorney licensed to practice in the State of Colorado and was employed by Wilson Elser LLP during all times relevant to this action.

Complaint

36)     At all relevant times, Defendants Wilson Elser LLP and Jason Melichar owed Plaintiff a duty of care as her legal representatives, tasked with defending her in disciplinary proceedings before the Office of Attorney Regulation Counsel of the Colorado State Supreme Court.

37)     Defendants Wilson Elser LLP and Jason Melichar breached their duty of care to Plaintiff by failing to provide competent legal representation. Specifically, Defendants failed to meet critical procedural deadlines, including but not limited to the expert disclosure deadline, which directly resulted in the preclusion of key expert testimony that was crucial for Plaintiff's defense.

38)     Defendants further breached their duty by failing to adequately prepare for Plaintiff's testimony and defense in both the disciplinary hearing and the disability hearing, despite clear indications of the hearings' significance to Plaintiff's legal standing and career.

39)     Defendants failed to properly identify and apply the legal standards relevant to Plaintiff's disciplinary proceedings, incorrectly asserting at the hearing that the state of mind was only relevant for mitigation purposes, whereas it was, in fact, a critical element of proof required to establish the appropriate level of discipline under applicable standards.

40)     Defendants exhibited a lack of understanding and negligence in the handling of Plaintiff's case by not preparing cross-examination strategies for witnesses, failing to subpoena necessary witnesses, and neglecting to pursue potential evidence that Plaintiff's alleged misconduct was directly influenced by her disability.

41)     Defendants' actions and omissions directly resulted in the depletion of Plaintiff's policy benefits, which were intended to cover the costs of her legal defense, thereby forcing

Complaint

Defendant Jason Melichar to withdraw from representation shortly after the critical hearing, leaving Plaintiff without adequate legal representation during post-hearing and appeal processes.

42)     As a direct and proximate result of Defendants' breaches of duty, Plaintiff suffered significant damages, including but not limited to the loss of her professional license, financial instability due to inability to practice law, and personal and professional reputational harm.

43)     The legal malpractice by Defendants Wilson Elser LLP and Jason Melichar has caused damages to Plaintiff in an amount to be proven at trial, but not less than $100,000.

44)     WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP and Jason Melichar for compensatory damages, consequential damages, costs, interest, and such other relief as the Court deems just and proper.

### VII.     COUNT THREE - BREACH OF FIDUCIARY DUTY AGAINST WILSON ELSER LLP AND JASON MELICHAR

45)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

46)     Defendant Wilson Elser LLP, a New York Limited Liability Partnership, and Defendant Jason Melichar, an attorney practicing in Colorado, owed Plaintiff a fiduciary duty by virtue of their attorney-client relationship.

47)     Defendants Wilson Elser LLP and Jason Melichar were required to act with the highest degree of honesty, loyalty, and fidelity in their representation of Plaintiff.

48)     Defendants breached their fiduciary duty by failing to act solely in the best interests of Plaintiff.

Complaint

49)     Specifically, Defendants Wilson Elser LLP and Jason Melichar failed to meet critical legal and procedural deadlines, which directly resulted in the preclusion of key evidence that was crucial for Plaintiff's defense in the disciplinary proceedings.

50)     Defendants Wilson Elser LLP and Jason Melichar failed to prepare adequately for Plaintiff's testimony and the cross-examination of witnesses, which significantly compromised Plaintiff's ability to defend herself in the disciplinary hearings.

51)     Defendants Wilson Elser LLP and Jason Melichar failed to conduct a reasonable and competent negotiation for a settlement, thereby neglecting to explore all potential avenues for a less severe resolution to the disciplinary actions against Plaintiff.

52)     Defendants Wilson Elser LLP and Jason Melichar failed to protect Plaintiff's privacy and confidentiality, particularly concerning the handling and disclosure of sensitive information and documents related to Plaintiff's defense.

53)     Defendants Wilson Elser LLP and Jason Melichar demonstrated a lack of understanding and misinterpretation of the legal standards and elements of proof necessary for Plaintiff's defense, specifically arguing incorrect legal theories at the disciplinary hearing.

54)     Defendants Wilson Elser LLP and Jason Melichar failed to properly manage and utilize expert witnesses, including failing to meet the deadline for the expert report submission which resulted in the report being precluded from the hearing.

55)     Defendants Wilson Elser LLP and Jason Melichar withdrew their representation abruptly after the depletion of Plaintiff's insurance policy benefits, which they had unreasonably exhausted through direct billing to CNA without Plaintiff's approval, contrary to the terms of the policy.

Complaint

56)     As a direct and proximate result of Defendants Wilson Elser LLP and Jason Melichar's breaches of their fiduciary duties, Plaintiff suffered significant damages, including the loss of her professional license and the associated personal and professional consequences.

57)     The conduct of Defendants Wilson Elser LLP and Jason Melichar fell below the standard of care expected of legal professionals in their position, directly causing harm to Plaintiff.

58)     WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP and Jason Melichar for compensatory damages, consequential damages, costs, interest, and such other relief as the Court deems just and proper.

## VIII.     COUNT FOUR - INTERFERENCE WITH CONTRACT AGAINST WILSON ELSER LLP, JASON MELICHAR, AND DR. LAURA REIFFEL

59)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

60)     At all relevant times, there was a valid contract between Plaintiff and CNA Financial Corporation ("CNA"), which included specific terms regarding the payment and approval of legal and expert fees incurred during the defense of disciplinary proceedings against Plaintiff.

61)     Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel had knowledge of the existence of this contract, specifically the provisions concerning the approval and direct payment of fees and costs related to Plaintiff's defense.

62)     Defendants Wilson Elser LLP and Jason Melichar, by their actions, intentionally and without justification induced CNA to breach its contract with Plaintiff. This breach was

Complaint

specifically related to the direct payment to Wilson Elser LLP and Dr. Reiffel, contrary to the contractual terms that required Plaintiff's approval of all such fees and costs.

63)     Dr. Reiffel, by demanding and accepting direct payment from CNA without Plaintiff's approval and without a proper engagement agreement as required by the policy, also intentionally and without justification induced CNA to breach its contract with Plaintiff.

64)     The actions of Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel caused CNA to make payments directly to them without the required approvals from Plaintiff, which was contrary to the terms of the insurance policy contract.

65)     As a direct and proximate result of the breach induced by Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel, Plaintiff suffered damages. These damages include, but are not limited to, the depletion of the policy benefits which precluded adequate representation in the disciplinary proceedings, ultimately contributing to Plaintiff's disbarment.

66)     The interference by Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel was intentional, unjustified, and malicious, aimed at depleting the insurance benefits to which Plaintiff was entitled under her contract with CNA, thereby damaging Plaintiff.

67)     No privilege or justification existed for Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel's interference in the contractual relationship between Plaintiff and CNA.

68)     The conduct of Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel in interfering with Plaintiff's contract with CNA was willful and wanton, warranting an award of punitive damages to deter such conduct in the future and to punish Defendants for their actions.

Complaint

69)     As a result of the aforementioned interference, Plaintiff has suffered significant losses including financial damages, loss of professional reputation, and emotional distress, all to an extent to be determined at trial.

70)     WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel for compensatory damages, consequential damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## IX. COUNT FIVE - UNJUST ENRICHMENT AGAINST WILSON ELSER LLP, JASON MELICHAR, AND DR. REIFFEL

71)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

72)     Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel received benefits in the form of direct payments from CNA Financial Corporation for legal and expert services purportedly provided to Plaintiff.

73)     These payments were made directly to Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel by CNA Financial Corporation without Plaintiff's approval, and contrary to the terms of the insurance policy which required Plaintiff's approval for such payments.

74)     The services for which Defendants Wilson Elser LLP and Jason Melichar received payment were not properly rendered in accordance with professional standards, as evidenced by their failure to meet critical deadlines, prepare for the disciplinary and disability hearings, and adequately represent Plaintiff in her disciplinary proceedings.

75)     Dr. Reiffel received payment for an expert report that was neither completed in a timely manner nor used in Plaintiff's defense, as the report was not finished or submitted by the Complaint

expert disclosure deadline, and thus was precluded from consideration in the disciplinary hearing.

76)     Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel have retained these payments without Plaintiff's consent and despite the failure to perform the contracted services adequately or at all, resulting in a retention of money without just cause.

77)     Plaintiff did not receive the benefit of the services for which these payments were made, as evidenced by the ultimate outcome of her disciplinary proceedings and the depletion of her policy benefits, which precluded further defense or appeal.

78)     The retention of these payments by Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel is unjust and inequitable because it allowed Defendants to profit from the provision of inadequate legal and expert services that directly contributed to Plaintiff's disbarment and financial harm.

79)     By retaining these payments without providing adequate services, and contrary to the terms of the insurance policy, Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel have been unjustly enriched at the expense of Plaintiff.

80)     Plaintiff has suffered damages as a direct result of this unjust enrichment, in an amount to be determined at trial, but no less than the amount of the payments made to Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel by CNA Financial Corporation.

81)     Equity and good conscience require that Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel make restitution to Plaintiff for the amounts by which they have been unjustly enriched.

Complaint

82)     WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel for restitution of all amounts by which they have been unjustly enriched, costs, interest, and such other relief as the Court deems just and proper.

## X.   COUNT SIX - NEGLIGENCE AGAINST WILSON ELSER LLP AND JASON MELICHAR

83)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

84)     Defendant Wilson Elser LLP owed a duty of care to Plaintiff to provide competent and professional legal representation.

85)     Defendant Jason Melichar, as an employee and agent of Wilson Elser LLP, similarly owed a duty of care to Plaintiff to provide competent and professional legal representation.

86)     Defendants Wilson Elser LLP and Jason Melichar breached their duty of care by failing to meet critical legal and procedural deadlines, inadequately preparing for and handling the disciplinary and disability hearings, and failing to properly manage and utilize expert testimony and other evidentiary materials.

87)     Specifically, Defendants failed to file a timely request for an extension for the expert report deadline, resulting in the preclusion of the expert report from the evidence at the hearing, which was critical to Plaintiff's defense.

88)     Defendants also demonstrated a lack of preparation for the disciplinary hearing, as evidenced by their failure to prepare Plaintiff for her testimony, failure to prepare cross-examination of witnesses, and failure to correctly identify and argue the legal standards necessary to defend Plaintiff.

Complaint

89)     Further, Defendants failed to identify, interview, or subpoena any witnesses or experts who could have provided favorable testimony or evidence in defense of Plaintiff in both the disciplinary and disability hearings.

90)     Defendants' failure to meet deadlines and their inadequate preparation and handling of the case directly resulted in the preclusion of important evidence, which significantly harmed Plaintiff's ability to defend herself in the disciplinary proceedings.

91)     As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff suffered significant damages, including the depletion of her insurance benefits, the inability to effectively defend against the disciplinary actions, and ultimately, the loss of her license to practice law.

92)     The actions and omissions of Defendants Wilson Elser LLP and Jason Melichar fell below the standard of care expected of reasonable attorneys under similar circumstances, constituting negligence.

93)     Plaintiff has suffered damages as a direct result of Defendants' negligence, in an amount to be determined at trial, but not less than $500,000.

94)     WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP and Jason Melichar for compensatory damages, consequential damages, costs, interest, and such other relief as the Court deems just and proper.

## XI.  COUNT SEVEN - FRAUD OR MISREPRESENTATION AGAINST WILSON ELSER LLP, JASON MELICHAR, AND DR. REIFFEL

95)     Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

Complaint

96) Defendant Wilson Elser LLP, through its agent Jason Melichar, and Dr. Reiffel, made representations to Plaintiff that they would competently represent her and manage her defense in the disciplinary proceedings, including managing expert testimony crucial for her defense.

97) These representations were false. Specifically, Jason Melichar missed critical deadlines, including the expert disclosure deadline, failed to prepare for the disciplinary hearing, and did not adequately prepare Plaintiff or her case, as evidenced by the hearing brief only addressing one of eight claims against Plaintiff.

98) At the time these representations were made, Defendants Wilson Elser LLP and Jason Melichar knew they were false, or made them recklessly without knowing whether they were true or false. Dr. Reiffel, purportedly hired to provide expert analysis and testimony, did not complete her report by the required deadline, indicating a lack of intent to fulfill the agreed-upon obligations.

99) These misrepresentations were made with the intention that Plaintiff would rely on them, specifically, that she would rely on their expertise and diligence in handling her defense effectively in accordance with professional standards.

100) Plaintiff justifiably relied on these representations by continuing to engage Wilson Elser LLP and by not seeking alternative counsel, under the belief that her defense was being properly managed and that an expert report would be prepared and submitted in a timely manner.

101) As a direct and proximate result of her reliance on these false representations, Plaintiff suffered damages including the depletion of her insurance benefits, inadequate defense

Complaint

leading to her disbarment, and financial and emotional distress. These damages were a foreseeable consequence of Defendants' actions.

102) No other disciplinary case with similar facts before the same presiding judge in Colorado resulted in disbarment, which strongly suggests that the outcome of Plaintiff's case was directly influenced by the inadequate defense provided by Defendants, further evidencing the detrimental reliance Plaintiff placed on their false representations.

103) WHEREFORE, Plaintiff demands judgment against Defendants Wilson Elser LLP, Jason Melichar, and Dr. Reiffel for compensatory damages, consequential damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper.

## XII.        COUNT EIGHT - BAD FAITH AGAINST CNA FINANCIAL COMPANY

104) Plaintiff incorporates all other paragraphs in this Complaint by reference as though fully written here.

105) Defendant CNA Financial Company had a duty to act in good faith and fair dealing under the professional liability insurance policy issued to Plaintiff.

106) Defendant CNA Financial Company breached this duty by failing to adhere to the policy terms that required approval and direct reimbursement to Plaintiff for legal fees and costs incurred during the disciplinary proceedings.

107) Specifically, Defendant CNA Financial Company paid fees directly to Wilson Elser and Dr. Reiffel without Plaintiff's prior approval, contrary to the explicit terms of the insurance policy which stipulate that such payments should be made to the Plaintiff directly or should at least receive Plaintiff's explicit approval before disbursement.

Complaint

108) Further, Defendant CNA Financial Company failed to provide Plaintiff with invoices or detailed billing from Wilson Elser and Dr. Reiffel, which prevented Plaintiff from verifying the appropriateness and accuracy of the charges, as required by the policy for transparency and accountability in billing.

109) Defendant CNA Financial Company's actions in hiring and continuing to pay Wilson Elser and Dr. Reiffel, despite their incompetence and despite Plaintiff's objections, depleted the policy benefits prematurely and directly impacted Plaintiff's ability to defend herself adequately in the disciplinary proceedings.

110) Defendant CNA Financial Company's failure to follow the policy's provisions regarding the payment of legal fees and costs and its decision to pay unapproved and unverified charges directly to third parties resulted in significant financial harm to Plaintiff, including the exhaustion of policy limits and the inability to secure competent legal representation for critical phases of the disciplinary proceedings.

111) The conduct of Defendant CNA Financial Company was intentional, reckless, and in bad faith, aimed at protecting its financial interests at the expense of its fiduciary duties to Plaintiff.

112) As a direct and proximate result of Defendant CNA Financial Company's bad faith actions, Plaintiff suffered damages including but not limited to the loss of her professional license, financial instability, and emotional distress.

113) The actions of Defendant CNA Financial Company constitute bad faith in handling the insurance claim and defense of Plaintiff under the policy, warranting compensatory and punitive damages.

Complaint

114)     WHEREFORE, Plaintiff demands judgment against Defendant CNA Financial

Company for compensatory damages, consequential damages, punitive damages, costs, interest,

and such other relief as the Court deems just and proper.


### XIII.        COUNT NINE - VIOLATION OF CONSUMER PROTECTION LAWS

115)     Plaintiff incorporates all other paragraphs in this Complaint by reference as

though fully written here.

116)     Defendants engaged in unfair and deceptive acts and practices in violation of

applicable consumer protection laws, which are designed to protect against unethical and unfair

business practices and ensure fair competition.

117)     Defendant CNA Financial Corporation, by failing to adhere to the express terms

of the insurance policy regarding payment and approval processes, engaged in deceptive

practices that misled the Plaintiff about the management of her defense and the allocation of her

policy benefits.

118)     Defendant CNA Financial Corporation, by hiring and continuing to employ legal

counsel that was demonstrably incompetent, engaged in unfair practices that significantly

disadvantaged the Plaintiff, depriving her of a competent defense as required under the policy

and expected in the consumer transaction.

119)     Defendants Wilson Elser LLP and Jason Melichar, by directly obtaining payment

from CNA Financial Corporation contrary to the terms of the policy without Plaintiff's approval,

and by failing to adequately represent the Plaintiff, engaged in practices that were both unfair

and deceptive, which directly led to the depletion of Plaintiff's policy benefits and adversely

affected her legal defense.

Complaint

120) Defendants Wilson Elser LLP and Jason Melichar, by not adhering to professional standards of care and legal obligations in their representation of the Plaintiff, particularly in failing to meet critical deadlines and properly prepare for important hearings, engaged in deceptive practices that misrepresented the quality and extent of legal services provided to the Plaintiff.

121) Defendants' actions and omissions directly contravened the spirit and letter of consumer protection laws, which are designed to prevent such unethical and deceptive conduct and to safeguard consumers, including the Plaintiff, from such adverse practices.

122) The cumulative impact of Defendants' unfair and deceptive acts has caused significant harm to the Plaintiff, including but not limited to the loss of her professional license, financial damages, and severe emotional distress, all of which are direct results of Defendants' violations of consumer protection laws.

123) The conduct of Defendants, as described herein, constitutes multiple and repeated violations of consumer protection laws, warranting relief and remediation as provided for under those statutes.

124) WHEREFORE, Plaintiff demands judgment against Defendants for compensatory damages, consequential damages, statutory damages, punitive damages, costs, interest, and such other relief as the Court deems just and proper under applicable consumer protection laws.

## XIV.     DEMAND

WHEREFORE, Plaintiff, Nina Kazazian, respectfully requests that this Court:

A. Grant judgment in favor of Plaintiff on all claims and for the remedies sought in each claim;

Complaint

B. Issue a judicial determination of the rights, duties, and obligations of the parties hereto;

C. Award Plaintiff actual damages in an amount to be determined at trial;

D. Award Plaintiff compensatory and consequential damages for the losses sustained as a result of Defendants' actions;

E. Impose penalties on Defendants for their breaches and misconduct as permitted by law;

F. Award Plaintiff pre-judgment and post-judgment interest at the maximum rate allowed by law;

G. Award Plaintiff attorney fees, costs, and expenses of litigation;

H. Award Plaintiff all other damages available under the law, including but not limited to economic, non-economic, general, and punitive damages;

I. Grant such other and further relief in favor of the Plaintiff and against the Defendants as this Court deems just and proper.

## JURY DEMAND:

Plaintiff Nina Kazazian HEREBY DEMANDS A JURY ON ALL TRIABLE MATTERS.

Respectfully submitted,

/s/ Nina H. Kazazian
Plaintiff Nina Kazazian, pro se

Complaint